**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Melin Flores, | No. CV-19-05293-PHX-ROS |
| Plaintiff, | **ORDER** |
| v. | |
| DISH Network LLC, et al., | |
| Defendants. | |

In denying Defendant DISH Network's motion for summary judgment, the Court outlined approximately fifty statements by defense counsel that did not appear to have been made in good faith. (Doc. 58 at 26-40). Defense counsel filed a response and reply, where they argue their statements were not sanctionable. As for Plaintiff's counsel, he argues sanctions are not merited. Because many statements were not appropriate, the Court will issue a formal reprimand.

## BACKGROUND

Plaintiff filed this suit alleging numerous employment-related claims. After discovery, the parties filed cross-motions for summary judgment. In June 2021, the Court issued an Order resolving those motions. The Court also identified "statements and legal positions" in defense counsel's summary judgment filings "that, on their face, [did] not appear to have been made in good faith." (Doc. 58 at 26). The Court instructed defense counsel to explain how the statements in their filings were in accordance with the legal standard pertaining to the filing of motions for summary judgment.

1 Rule 56(a) provides: "A party may move for summary judgment . . . [and] [t]he court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material facts and the movant is entitled to judgment as a matter of law." Rule 56(c) states in material part, "[a] party asserting that a fact cannot be or is genuinely disputed must support the assertion by: (A) citing to particular parts of materials in the record . . . or (B) showing that the materials cited do not establish the absence or presence of a genuine dispute, or that an adverse party cannot produce admissible evidence to support the fact." These portions of Rule 56 mean: 1) the facts cited in a summary judgment motion must be admissible in evidence; 2) the facts cited must be accurate; and 3) summary judgment practice can be viewed as a trial on paper. In fact, when a summary judgment motion is filed by the defendant, the motion is identical to the standard for a post-trial motion seeking judgment as a matter of law. *See Reeves v. Sanderson Plumbing Prod., Inc.*, 530 U.S. 133, 150 (2000) (noting summary judgment standard "mirrors" Rule 50 standard). After the Court's re-review of defense counsel's papers, it is clear the motion for summary judgment should never have been filed.

## ANALYSIS

Determining whether sanctions are merited is "one of the most difficult and unenviable tasks for a court." *Schlaifer Nance & Co. v. Est. of Warhol*, 194 F.3d 323, 341 (2d Cir. 1999). Oftentimes this Court has been relieved of the unpleasant responsibility of sanctioning counsel because counsel, in good faith, admit their errors and fully accept responsibility for the wrongdoing which mitigates or completely eliminates the need for sanctions. In this case, defense counsel did not adopt that approach.

A court may sanction "litigation tactics so vexatious as to be unjustifiable even within the broad bounds of court adversarial system." *United Nat. Ins. Co. v. R&D Latex Corp.*, 242 F.3d 1102, 1115 (9th Cir. 2001). But in evaluating whether sanctions are appropriate, a court must account for the fact "that our system of litigation *is* an adversary one, and that presenting the facts and law as favorably as fairly possible in favor of one's

client is the nub of the lawyer's task." *Id.* (emphasis in original). Thus, sanctions are appropriate "only in the most egregious situations, lest lawyers be deterred from vigorous representation of their clients." *Id.*

The relevant inquiry under Rule 11 is whether, "judged by an objective standard, a reasonable basis for the position exist[ed] in both law and in fact at the time that the position [was] adopted."[1] *Golden Eagle Distrib. Corp. v. Burroughs Corp.*, 801 F.2d 1531, 1538 (9th Cir. 1986). If so, "then sanctions should not be imposed." *Id.* This objective standard means counsel cannot "avoid the sting of Rule 11 sanctions by operating under the guise of a pure heart and empty head." *Smith v. Ricks*, 31 F.3d 1478, 1488 (9th Cir. 1994).

While defense counsel address the statements identified by the Court, they do not even attempt to excuse some of the most patently false statements at issue. The only reasonable conclusion to draw is that counsel did not, in fact, have a good faith legal or factual basis for many of the statements in their summary judgment filings. The Court need analyze only a few of the statements previously identified to show how defense counsel violated Rule 11.

### I. Statement 9

Defense counsel argued Plaintiff had "concede[d] she did not believe she needed any leave." Defense counsel now explain that statement did "not refer to the time period that was directly at issue." In other words, defense counsel's statement was misleading. Defense counsel could not have believed it was appropriate to cite a statement from Plaintiff referencing one time period when presenting arguments about an entirely different time period. The fact that Plaintiff did not think she needed leave *before* she became ill is completely irrelevant to the issues in the present case. The only possible reason for defense counsel to have cited the statement was to mislead the Court.

### II. Statements 12 and 13

---

[1] The Court originally identified both Rule 11 and 28 U.S.C. § 1927 as possible bases for sanctions. Because a reprimand under Rule 11 will be sufficient under the circumstances, the Court will not assess whether sanctions under § 1927 are also merited.

In statement 12, Defense counsel stated Plaintiff "admits the pain did not affect her daily living until after her termination." Defense counsel offer no justification for this blatantly false statement. Instead, defense counsel state "Plaintiff did not testify that her 'pain did not affect her daily living until after her termination,' but she did testify that she could take care of herself during a significant portion of the time between November 2018 and her termination." (Doc. 64 at 7). Pointing out that Plaintiff was not completely incapacitated from November 2018 through her termination is a non sequitur and the Court is at a complete loss how defense counsel could believe this explanation is helpful to their position.

Similar to statement 12, defense counsel's statement 13 argued "[t]he pain never affected [Plaintiff's] ability to work and she never spoke to her coach Brandon Brown about it." Defense counsel now admit "Plaintiff also testified that her pain affected her ability to work at times in December 2018 and that she reported it to her supervisor," Brandon Brown. (Doc. 64 at 7). Defense counsel do not, however, explain the factual basis for the original statement. Defense counsel's failure to offer any explanation for submitting this false statement compels the conclusion there was no legitimate basis.

Statements 12 and 13 involve levels of falsehood that are unusual to find in documents filed by any attorney. These statements are not subject to reasonable debate or interpretation. Defense counsel stated the pain did not affect Plaintiff's daily activities, did not affect her ability to work, and she never spoke to her supervisor about it. Based on Plaintiff's deposition, of which defense counsel was surely aware because defense counsel took her deposition, these statements were false. And even after being required to explain the factual bases for the statements, defense counsel cannot point to *any* factual support for either statement. The only conclusion to draw is that defense counsel, even with time to reflect, have no defense for making such statements.

**III.   Statement 27, 35, 45**

In these statements, defense counsel argued Plaintiff needed medical evidence to establish "incapacity" under the FMLA. In support of this argument, defense counsel

cited cases from the District of Nevada, the District of Oregon, the Third, Sixth, Seventh, and Eighth Circuits. The Court noted defense counsel had not cited the governing Ninth Circuit authority and this failure was especially troubling because the Third Circuit case defense counsel cited had expressly noted the law in the Ninth Circuit was different. *Schaar v. Lehigh Valley Health Servs., Inc.*, 598 F.3d 156, 160 (3d Cir. 2010). Defense counsel now present an inexplicable, and unconvincing, explanation for their behavior.

According to defense counsel, the statement in *Marchisheck v. San Mateo County*, 199 F.3d 1068, 1073 (9th Cir. 1999), that medical testimony was not necessary to prove "incapacity" under the FMLA was "not controlling authority because it is nonbinding dicta." (Doc. 64 at 11). But counsel admits "the Third Circuit treated the statement from *Marchisheck* as though it is binding precedent in this circuit." (Doc. 64 at 11). And counsel further admit they "should have brought [*Marchisheck*] to the Court's attention and explained the basis for [their] belief that [the relevant] portion of the opinion constitutes nonbinding dicta." But because *Marchisheck* was not "controlling," counsel argue they were entitled to cite only the Third Circuit authority. Counsel's position is bizarre.

Counsel seem to be arguing that prior to filing their summary judgment papers, they read the Third Circuit case and concluded it was appropriate to cite. They apparently reached this conclusion despite that the Third Circuit made expressly clear the law in the Ninth Circuit was different. Thus, counsel allegedly concluded the Third Circuit was wrong to treat the Ninth Circuit opinion as binding in the Ninth Circuit. Counsel then reasoned, because the Ninth Circuit's approach was "nonbinding dicta," they were free to cite only the Third Circuit. Incomprehensively, counsel did not make this argument even by inference in their summary judgment papers. Instead of such an argument, counsel simply cited the Third Circuit case and, allegedly, believed the Court would go through their proffered convoluted steps to reject the Ninth Circuit's rule on its own. This is an unreasonable and completely unacceptable argument for counsel to make at this stage. The much more likely explanation is that defense counsel simply did not

read the Third Circuit case and cited it, hoping the Court would not read it either.

### IV.     Summary and Sanctions

The Court could go on and analyze the remaining statements identified in the earlier Order but doing so would serve no useful purpose. The statements analyzed above violated Rule 11's requirements for both legal arguments and factual contentions. Fed. R. Civ. P. 11(b)(2), (3) (legal arguments must be "warranted by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law or for establishing new law" and factual contentions must have "evidentiary support"). Defense counsel were given an opportunity to admit their mistakes or explain their behavior and they came back with either nonresponsive or implausible arguments. Accordingly, the only remaining question is the nature of the sanction.

Any sanction must be "limited to what suffices to deter repetition of the conduct or comparable conduct by others similarly situated." Fed. R. Civ. P. 11(c)(4). The best available sanction is a formal reprimand along with a warning of possible future sanctions. Therefore, defense counsel are reprimanded for their baseless legal and factual statements and are warned that if similar conduct arises in another case, more severe sanctions may be imposed.

Accordingly,

**IT IS SO ORDERED**.

Dated this 4th day of October, 2021.

Honorable Roslyn O. Silver
Senior United States District Judge